UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDI GOULART, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:19-CV-02559 SEP |
| EDGEWELL PERSONAL CARE CO., et al., | ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Edgewell Personal Care Company, Edgewell Personal Care Brands, LLC, Edgewell Personal Care, LLC and Does 1 through 10 (collectively, "Defendants") Motion to Dismiss or to Compel Arbitration and to Stay Litigation. Doc. [18].  Plaintiff Brandi Goulart ("Goulart" or "Plaintiff") responded to the motion (Doc. [22]), Defendant filed a reply (Doc. [26]), and the matter is fully briefed and ripe for disposition. Also before the Court is Goulart's Motion to Remand the case to the state court from which it was removed.  Doc. [25].  That motion is likewise fully briefed and ripe for ruling.  Docs. [27, 28].  Finally, also pending before the Court is Defendants' Motion to Take Judicial Notice of certain orders compelling arbitration and denying remand entered in a related case, which is also fully briefed.  Doc. [30].  For the reasons set forth below, Defendants' Motion to Compel Arbitration and to Stay Litigation, as well as their Motion to Take Judicial Notice, will be granted, and Plaintiff's Motion to Remand will be denied.

I.     **Factual and Procedural Background**

On July 9, 2019, Goulart filed a class action petition in the Circuit Court of St. Charles County against Defendants.  Goulart alleged violations of the Missouri Merchandising Practices

Act, asserting that Defendants employed gender-discriminatory pricing schemes in charging more for a female-marketed version of a "materially-identical-if-not-inferior product" than they charged for the corresponding male-marketed version.  This lawsuit concerns, in particular, the Schick brand "Hydro Silk Razor" 5-Blade women's disposable razor refill blades (the "Hydro Silk") and the "Hydro 5" men's disposable razor refill blades (the "Hydro 5").  On September 13, 2019, Defendants removed the matter to this Court pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).  Doc. [1].  On October 7, 2019, Goulart filed an amended complaint asserting the same cause of action.

In her initial complaint, Goulart alleged that, in or around July of 2019, she purchased the Hydro Silk women's disposable razor refill blades from Schick via Schick's website, www.schick.com.  Doc. [8-1] at ¶ 62.  She defined the class she purported to represent as "All persons, who, within the Class Period, purchased 'Schick'-brand 'Hydro Silk Razor' 5-Blade Women's Disposable Razor Refill Blades, 'Sensitive' or 'Regular' (the 'Product') in the State of Missouri."  *Id*. at ¶ 17.  In her Amended Complaint, Goulart removed the allegations related to her purchase on Schick's website and added allegations that she purchased the same product from an unspecified Missouri retailer in October 2019.  Doc. [14] at ¶ 62.  She also amended the class definition to, "All persons, who, within the Class Period, purchased the 'Schick'-brand 'Hydro Silk Razor' 5-Blade Women's Disposable Razor Refill Blades, 'Sensitive' or 'Regular' (the 'Product') from a retailer in the State of Missouri."  *Id*. at ¶ 17.  Defendants now seek dismissal of the Amended Complaint or, alternatively, for the Court to compel arbitration and stay all proceedings in this action.

2

## II.   Legal Standard

"Arbitration agreements are governed by the Federal Arbitration Act ("FAA")." *Hoffman*

*v. Cargill Inc.*, 236 F.3d 458, 461 (8th Cir. 2001). The FAA provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.  The FAA reflects a "liberal federal policy favoring arbitration." *AT&T Mobility*

*LLC v. Concepcion*, 563 U.S. 333, 339 (2011).  "[C]ourts must place arbitration agreements on

an equal footing with other contracts" and enforce them according to their terms.  *Id.*  "[A]ny

doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration,

whether the problem at hand is the construction of the contract language itself or an allegation of

waiver, delay, or a like defense to arbitrability."  *Lyster v. Ryan's Family Steak Houses, Inc.*, 239

F.3d 943, 945 (8th Cir. 2001).  Accordingly, where there is an enforceable agreement to

arbitrate, federal courts "shall make an order directing the parties to proceed to arbitration."

9 U.S.C. § 4.

## III.   Discussion

In their Motion to Dismiss or to Compel Arbitration and to Stay Litigation, Defendants

argue that when Goulart purchased the women's razor refills on the Schick website, she agreed

to a contract that includes an arbitration agreement.  That arbitration agreement, according to Defendants, covers the claims in the Amended Complaint, and therefore, the Court must compel arbitration.  Goulart asserts that her Amended Complaint does not include any allegations that makes her, or the putative class, subject to the online arbitration agreement.  In support of her argument, she directs the Court's attention to the fact that in her Amended Complaint she limited the class to exclude online purchases and amended her allegations to include only her purchase from a Missouri retailer in October of 2019.  She contends that the online agreement cannot govern her subsequent purchase of Schick products from a third-party retailer.  In reply, Defendants argue that the parties agreed to the arbitration provision and any questions of arbitrability are for the arbitrator to decide.  Defendants additionally argue that the terms of use in the contract cover all claims related to their website, including the provision of information by Defendants through the website, and thus, the arbitration agreement applies to the Amended Complaint.

The Court notes at the outset the similarity between this case and multiple related cases currently pending in the Eastern District of Missouri.  In July of 2019, Goulart filed both the instant lawsuit ("*Goulart I*") as well as a near identical case, *Goulart v. Edgewell Personal Care Company, et al.*, Case No. 4:19-cv-02568 RLW ("*Goulart II*").  Also in July of 2019, Goulart's counsel filed two substantially similar complaints, both of which alleged unfair "Pink Tax" pricing of Schick products for women.  Both of those cases had as named plaintiff Carla Been ("Been").  *See Carla Been v. Edgewell Personal Care Company, et al.*, Case No. 4:19-cv-02601 HEA ("*Been I*"), and *Carla Been v. Edgewell Personal Care Company, et al.*, Case No. 4:19-cv-02602 SRC ("*Been II*").  All four of these cases share the same counsel, and have followed a similar path through our court system.

Of particular note for present purposes is *Been II*, which is pending before District Judge Stephen R. Clark.  *Been II* and the present case are virtually identical.  The facts, in all important aspects, are indistinguishable.  In both cases, the same lawyers have represented each side, resulting in substantial similarities in the respective amended complaints and the briefing. Notably, a side-by-side comparison of the amended complaints in *Goulart I* and *Been II* reveals that they are identical save for legally immaterial differences such as the named plaintiffs, the particular razors or razor refills at issue, and the court-assigned case numbers.  The briefing in each case is likewise all but interchangeable, with the same legal arguments being made by each side, supported by the same legal authority.

In *Been II*, Judge Clark recently issued orders in which he denied Been's Motion to Remand, and granted Defendants' Motion to Compel Arbitration and Stay Litigation.  *See Been II*, 4:19-cv-02602 SRC, Docs. [29, 30], dated March 31, 2020.  Defendants have requested that this Court take judicial notice[1] of Judge Clark's orders, and suggests that this Court should likewise compel arbitration and deny remand in the instant case.  Goulart does not oppose the Court taking notice of the orders in *Been II*, and the Court will take judicial notice of the same. Goulart does, however, urge the Court to arrive at a different conclusion than that reached by Judge Clark in his order compelling arbitration.  The Court notes that while district court opinions have no binding precedential effect, the well-reasoned holding of a colleague has a strong persuasive effect.  The Court is guided by Judge Clark's sound approach, and as further discussed below, the Court will come to the same result for the same reasons.

---

[1] The Court may take judicial notice of records regarding this related civil proceeding.  *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records)).

### A.  Motion to Compel Arbitration and Stay Proceedings

In Judge Clark's order compelling arbitration, he initially determined to evaluate the

motion before him under the Rule 56 summary judgment standard rather than the Rule 12(b)(6)

motion to dismiss standard.  *Been II*, Doc. [30] at 4.  He reached that conclusion because the

parties had presented matter outside the pleadings that had to be evaluated by the Court in order

to determine whether to compel arbitration.  *Id*.  Because the same is true in the instant case, the

undersigned will likewise consider the Motion under the Rule 56 summary judgment standard.

*See City of Benkelman v. Baseline Eng'g Corp.*, 867 F.3d 875, 881 (8th Cir. 2017) (a court

properly analyzes a motion to compel arbitration under the Rule 56 summary judgment standard

when the parties present matters outside the pleadings and those matters are not excluded by the

Court).  Judge Clark proceeded to discuss the issue of arbitrability as follows:

> When [Plaintiff] purchased the women's razor from the Schick website,
> she agreed to certain terms and conditions and thereby entered into a
> contract with Defendants.  The contract includes an arbitration clause
> stating:
>
>> WE BOTH AGREE TO ARBITRATE.   You and
>> Edgewell agree to resolve any claims relating to these
>> Terms of Use through final and binding arbitration,
>> except that, to the extent you have in any manner
>> violated or threatened to violate our intellectual property
>> rights (for example, trademark, trade secret, copyright,
>> or patent rights) . . .
>>
>> ******
>>
>> The Federal Arbitration Act governs the interpretation
>> and enforcement of this dispute resolution provision.
>> Arbitration shall be initiated through JAMS. Any
>> dispute, controversy, or claim arising out of or relating
>> to these Terms of Use shall be referred to and finally
>> determined by arbitration in accordance with the JAMS
>> Streamlined Arbitration Rules and Procedures in front
>> of one arbitrator. If there is a conflict between JAMS
>> Rules and the rules set forth in these Terms of Use, the
>> rules set forth in these Terms of Use will govern.

JAMS Rule 8(b), incorporated into the arbitration clause, states:

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

These clauses require the Court to refer all jurisdictional and arbitrability disputes to the arbitrator. Thus, the Court does not have the power to determine whether this contract and arbitration clause can govern the subsequent purchase made by Been from a third-party retailer; the arbitrator must do so. In *Henry Schein, Inc. v. Archer & White Sales, Inc.*, the Supreme Court recently addressed the issue of delegating the arbitrability question to an arbitrator. 139 S. Ct. 524 (2019). The Supreme Court stated, "we have held that parties may agree to have an arbitrator decide not only the merits of a particular dispute but also 'gateway' questions of 'arbitrability' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Id.* at 529 (quoting *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)). "An agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce . . ." *Id.* "When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue." *Id.*

"[B]efore referring a dispute to an arbitrator, the court determines whether a valid arbitration agreement exists. 9 U.S.C. § 2. But if a valid agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court may not decide the arbitrability issue." *Id.* at 530. Here, a valid agreement exists between Defendants and [Plaintiff]. This agreement delegates the arbitrability issue to the arbitrator including the formation, existence, validity, interpretation, or scope of the Agreement. This includes the question of whether this agreement governs subsequent purchases of Schick products by [Plaintiff] from third-party retailers. Therefore, the Court must compel arbitration.

*Been II*, Doc. [30] at 4-6 (internal citations to the record omitted).

Goulart opposes the conclusion reached in Judge Clark's arbitration order, submitting a memorandum in which she "encourages this Court to not dispose of the issues herein in like fashion, lest this Court be endorsing a novel and dangerous approach to arbitration-related law—a declaration that a consumer 'once bound' to arbitrate, is 'forever bound' to arbitrate." [2] Doc. [30] at 4.  Goulart argues that the arbitration agreement should not apply to her subsequent purchase of Schick products made at a Missouri retailer, and that by compelling the parties to arbitrate in *Been II*, Judge Clark is forcing Been to arbitrate that subsequent transaction.  Goulart urges this Court to avoid following what she characterizes as "this extremely dangerous precedent." *Id.* at 3.  Defendants, in reply to Goulart's memorandum in opposition, argue that Judge Clark's order was not the "sweeping abrogation of Goulart's 'consumer rights'" described by Plaintiff.  Doc. [31] at 2.  Rather, Defendants argue that Judge Clark, in his order, "properly delegated the question of arbitrability to the arbitrator." *Id.*

Goulart appears to argue that Judge Clark inappropriately determined that Plaintiff's purchase of Schick products from a Missouri retailer was arbitrable.  But that is precisely what Judge Clark did not do.  Having determined that the parties entered into a valid arbitration agreement, he explicitly left all questions of arbitrability to the arbitrator.  The Plaintiff in *Been II* remains free to argue at arbitration that her subsequent purchase of Schick products from a Missouri retailer should not be subject to the arbitration agreement.  An arbitrator may well decide that any dispute related to that subsequent purchase is not arbitrable.  However, under the arbitration agreement entered into by both Goulart and Been, that is an issue for the arbitrator, not the Court.  As Judge Clark stated, "if a valid [arbitration] agreement exists, and if the agreement delegates the arbitrability issue to an arbitrator, a court *may not* decide the

---

[2] The Court notes that while Goulart places quotation marks around the phrases "once bound," and "forever bound," Judge Clark's order does not include such language.

arbitrability issue." *Been II*, Doc. [30] at 6 (quoting *Henry Schein, Inc.*, 139 S. Ct. at 530) (emphasis added).  Here, Plaintiff does not assert that the arbitration agreement does not exist. She merely argues that it should not apply to the in-person purchase referenced in the amended complaint.

The Court is not persuaded.  Plaintiff does not allege that a significant change in the law has occurred since Judge Clark issued his opinion; nor does she allege that new and material facts have come to light.  She likewise does not allege that Judge Clark misunderstood the issues before him, which are identical to the issues now before this Court.[3]  Rather, she seems to allege that Judge Clark made an error in reasoning.  The Court disagrees.  Consequently, the undersigned sees no justification for diverging from the conclusions reached in Judge Clark's thorough, well-reasoned, and ultimately persuasive opinion.  For the reasons stated in his Memorandum and Order dated March 31, 2020, and as further discussed herein, the Court will compel arbitration in this case.  The Court now considers whether to stay these proceedings pending the outcome of that arbitration.

"The [Federal Arbitration Act] generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it." *Green v. Super Shuttle Intern., Inc.*, 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3) (stating the district court "shall...stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").  In *Green*, however, the Court recognized an exception to this general rule whereby district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Id.* at 669-70.  Here, the entire

---

[3] Both Been and Goulart made this same argument in their respective memoranda in opposition to Defendants' Motions to Compel Arbitration, and there is nothing new about the legal theory Plaintiff now puts forward.  *See Goulart I*, Doc. [22]; *Been II*, Doc. [24].

controversy may not be decided by arbitration because the arbitrator may decide that the contract and arbitration clause do not apply to the dispute.  If that happens, Goulart may be prejudiced by a dismissal because the statute of limitations could run in the meantime.  *Id*. at 770. Accordingly, the Court will stay the proceedings pending arbitration.

### B.  Plaintiff's Motion to Remand

The Court turns now to Plaintiff's Motion to Remand.  Doc. [25].  In her Motion to Remand, Goulart argues that the local controversy exception to CAFA jurisdiction applies. Defendants argue that the local controversy exception does not apply in the circumstances present here, and that in any event, Plaintiff has waived her right to assert the exception.

As noted *supra*, Defendants have directed the Court's attention to Judge Clark's order denying remand in *Been II*.  *See Been II*, Doc. [29].  Goulart has not offered any argument in opposition to the reasoning or conclusion in that order.  The relevant facts and briefing before Judge Clark were identical to those before the undersigned.  On the question of remand, Judge Clark found as follows:

> The issue before the Court is whether [Plaintiff] can waive her right to assert the local controversy exception and whether she has waived that right.  The Eighth Circuit has held that the local controversy exception "operates as an abstention doctrine, which does not divest the district court of subject matter jurisdiction." *Graphic Comm'ns Local 1B Health & Welfare Fund A. v. CVS Caremark Corp.*, 636 F.3d 971, 973 (8th Cir. 2011).  In explaining its holding, the Eighth Circuit stated, "the local controversy provision, which is set apart from the [] jurisdictional requirements in the statute, inherently recognizes the district court has subject matter jurisdiction by directing the court to 'decline to exercise' such jurisdiction when certain requirements are met." *Id*.  Therefore, unlike challenges to subject matter jurisdiction, which cannot be waived and a party can raise at any time, a party can waive its right to assert the local controversy exception.
>
> "A party that engages in affirmative activity in federal court typically waives the right to seek a remand." *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996).  In *Koehnen*, the plaintiff affirmatively sought leave to file a new complaint in federal court, and the Eighth

> Circuit found that "[b]y the mere filing of an amended petition, [the plaintiff] consented to accept the jurisdiction of the United States court." *Id.* Here, [Plaintiff] filed an amended complaint after Defendants removed the case to this Court.   In her Amended Complaint, she stated, "the Defendant properly removed this case here." Doc. 14, ¶ 14. Through these actions, [Plaintiff] waived her right to assert the local controversy exception. *See Moffitt v. Residential Funding Co.*, 604 F.3d 156, 159 (4th Cir. 2010) ("If a plaintiff voluntarily amends his complaint to allege a basis for federal jurisdiction, a federal court may exercise jurisdiction even if the case was improperly removed.").

*Been II*, Doc. [29] at 4-5.

The Court has carefully considered the parties' briefing on this issue, as well as Judge Clark's order denying remand in *Been II*, and reaches the same conclusion for the reasons stated by Judge Clark in the above-quoted order.   Accordingly, the Court will deny Goulart's Motion to Remand.

## IV.   Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss or to Compel Arbitration and Stay Litigation (Doc. [18]) is **GRANTED** in part and **DENIED** in part.   The Court denies Defendants' Motion to Dismiss, but grants their alternative Motion to Compel Arbitration and Stay Litigation.

**IT IS FURTHER ORDERED** that this matter is **STAYED** pending arbitration.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. [25]) is **DENIED**.

**IT IS FINALLY ORDERED** that Defendants' Motion to Take Judicial Notice (Doc. [30]) is **GRANTED**.

Dated this 4th day of June, 2020.

*Sarah E. Pitlyk*

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE